BROADEX REALTY CORPORATION, Appellant, *v.* WILLIAM R. JONES and Another, Individually and as Copartners Doing Business under the Firm Name and Style of JONES & BAKER, Respondents.

First Department, November 28, 1924.

**Landlord and tenant — action for rent — defense of re-entry — no physical re-entry shown — acceptance of rent from receiver in bankruptcy with tenants' consent not re-entry — landlord did not exercise right to terminate lease on bankruptcy of tenants — lease continues in effect and tenants are liable for rent.**

In an action to recover rent due under a written lease, the defense of re-entry by the lessor which would destroy the obligation of the lessees, is not established by evidence tending to show that, after the bankruptcy of the lessees, the lessor did not physically re-enter the premises and never interfered with any part thereof, and that the lessor received rent from the receiver in bankruptcy only with the express consent of the lessees, in writing, to the effect that the receipt of the rent would be without prejudice. The lessor did not elect to treat the bankruptcy of the lessees as terminating the obligations of the lease, and, therefore, since there was no re-entry, the lease continued in effect and the lessees are liable for the rent.

APPEAL by the plaintiff, Broadex Realty Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of December, 1923, denying its motion for summary judgment made under rule 113 of the Rules of Civil Practice.

*Coleman, Stern & Ellenwood* [*Frank J. Coleman, Jr.,* of counsel; *Clifford Chalmer* with him on the brief], for the appellant.

*O'Brien, Boardman, Parker & Fox* [*E. R. Shepard* of counsel], for the respondent William R. Jones.

*Lorenz & Lorenz* [*Joseph Lorenz* of counsel; *John F. X. Finn* with him on the brief], for the respondent Jackson B. Sells.

McAVOY, J.:

Plaintiff sued in this action to recover the rental provided for under a lease to defendants of certain premises. Defendants assert that they are relieved of the rental payment obligation because of a re-entry by the landlord.

Plaintiff is the owner of the office building at 50 Broad street, New York city, and rented substantially three floors to the defendants under two leases covering separate space. The leases, which were for a term of ten years, went into effect on May 1, 1921. The defendants occupied the space and paid the rent up to May 31, 1923, on which date a receiver in bankruptcy of the defendants' firm was appointed.

This action is for the rent for the months of June, July, August and September, 1923, no part of which has been paid, except the sum of $5,377.16, which was paid to the plaintiff by the receiver on account of the defendants' obligation. There remains due $10,856.20, together with interest from the due date.

Plaintiff's alleged re-entry is asserted because of its relations with the receiver in bankruptcy who was appointed for the defendants on petition. No physical re-entry was proven. Plaintiff has never interfered with any part of the premises, and defendants have not been excluded from any part of the premises by the plaintiff.

Plaintiff was not a petitioning creditor nor did it take any part in the bankruptcy proceeding. The receiver took possession of the defendants' premises on May 31, 1923, under order of the United States District Court. When the receiver was appointed he wrote to plaintiff stating that he elected not to take the leases as assets of the estate and offered to pay the plaintiff for such space as he would occupy in the discharge of the business of the receivership.

Plaintiff, however, did not receive payments on account of the receiver's occupation until it had procured defendants' consent to do so in a letter which stated that such payments were to be " without prejudice to the rights of Broadex Realty Corporation as landlord under said lease upon the express understanding that this consent shall in no manner change or broaden the liability of Jones & Baker or the partners thereof from the terms of said original lease."

This arrangement authorized plaintiff to accept payments from the receiver in proportion to the space which he actually occupied and to credit those payments to the entire amount of rent due from the defendants.

As various parts of the premises were vacated by the receiver he made arrangements for the payments due under the changed conditions with plaintiff, but in none of the correspondence is there a suggestion of any resumption of dominion by the landlord.

Whenever the receiver relinquished any space occupied by him, such parts of the premises have been open to the defendants. No part of the defendants' holdings have been relet and the plaintiff has not resumed possession of any part.

These are the facts of the so-called re-entry upon which defendants base their right to terminate payment of rent.

We conclude that this proof demonstrates that there was no re-entry by plaintiff, and that the defendants remained in possession of the demised premises as matter of law and fact.

7

While plaintiff had the right to terminate the leases in case of bankruptcy, it never exercised that right and never served a notice of cancellation. Thus the relation of landlord and tenant continued and the obligation of rent payments survived, since bankruptcy of itself did not cancel the lease without the exercise of the option given to the landlord.

The motion for summary judgment should have been granted. The order should be reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.